**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Davis, | No. CV-22-00756-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Shri Hari Hotels LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 12). For the following reasons, the Motion will be granted.

**I.   BACKGROUND**

On May 4, 2022, Plaintiff Scott Davis filed a Complaint against Defendants Shri Hari Hotels LLC dba Legacy Inn & Suites ("Legacy Inn") and Chandulal Dhanani. (Doc. 1). The Complaint seeks damages for certain unpaid wages that Plaintiff asserts Defendants owe him. (*Id.*). The Complaint has three Counts: (1) failure to pay minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206; (2) failure to pay minimum wage, in violation of the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-364; and (3) failure to pay wages due, in violation of the Arizona Wage Act ("AWA"), A.R.S. § 23-350 *et seq.* (*Id.*).

Defendants were served on May 23, 2022, and their deadline to answer the Complaint was June 13, 2022. (Docs. 6–9). Defendants failed to answer or otherwise respond to the Complaint. On June 15, 2022, Plaintiff filed an Application for Entry of

Default against Defendants pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a). (Doc. 10). The next day, the Clerk of Court entered default against Defendants. (Doc. 11). On June 22, 2022, Plaintiff filed the instant Motion for Default Judgment pursuant to FRCP 55(b). (Doc. 12). Defendants failed to respond to Plaintiff's Motion and have not appeared in this action.

## II. DISCUSSION
### a. Subject Matter Jurisdiction, Personal Jurisdiction, and Service of Process

When default judgment is sought against a non-appearing party, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place."). A court has a similar duty with respect to service of process. *See Fishman v. AIG Ins. Co.*, No. CV 07-0589-PHX-RCB, 2007 WL 4248867, at *3 (D. Ariz. Nov. 30, 2007) ("Because defendant has not been properly served, the court lacks jurisdiction to consider plaintiff's motions for default judgment."). These considerations are "critical because '[w]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court has *no power to render any judgment* against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.'" *Id.* (citing *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007)).

The Court has subject matter jurisdiction because Plaintiff filed a claim arising from a FLSA violation. (Doc. 1). The FLSA states that an action to recover damages related to unpaid minimum wages may be maintained against employers "in any Federal or State court of competent jurisdiction." 29 U.S.C.A. § 216. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to the AMWA and AWA, as they pertain to the same case or controversy: Plaintiff's alleged unpaid wages. *See* 28 U.S.C.A. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction

over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ."); *see also Kuba v. 1–A Agric. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.").

As to personal jurisdiction, the Court has jurisdiction over Defendants because they are citizens of Arizona and were properly served. *See Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) (noting that "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory"); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (noting that a federal court lacks personal jurisdiction over defendant unless defendant properly served). According to the Complaint, Defendant Dhanani is an Arizona resident and the manager and owner of Defendant Legacy Inn. (Doc. 1 at 3). Defendant Legacy Inn is a company authorized to do business in Arizona. (*Id.*). On May 16, 2022, Plaintiff filed a Motion for Alternative Service after having made five unsuccessful attempts to personally serve Defendant Dhanani at three different locations at different times of the day. (Doc. 6). The Court granted the Motion as modified, requiring Defendant to (1) post a copy of the Complaint, Summons, Preliminary Order, and Order granting alternative service on the front door of Defendant's two last known addresses, (2) mail a copy of the documents to the same addresses via U.S. First Class Mail and Certified Mail, and (3) mail a copy of the documents via U.S. First Class Mail and Certified Mail to the P.O. Box listed on Defendant's driver's license. (Doc. 8). Plaintiff did so. (Doc. 9). Plaintiff also served the Arizona Corporation Commission pursuant to Arizona Rule of Civil Procedure 4.1(j). (Doc. 7). Accordingly, both Defendants were properly served. Fed. R. Civ. P. 4(e) & (h); *see also* Ariz. R. Civ. P. 4.1(j) & (k).

///

///

### b. Default Judgment Analysis: *Eitel* Factors

"A defendant's default does not automatically entitle a plaintiff to a default judgment." *Hartford Life & Accident Ins. Co. v. Gomez*, No. CV-13-01144-PHX-BSB, 2013 WL 5327558, at *2 (D. Ariz. Sept. 24, 2013). Instead, once a default has been entered, the district court has discretion to grant a default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits (collectively, the "*Eitel* factors"). *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

#### i. First, Fifth, Sixth, and Seventh *Eitel* Factors

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). The first factor—the possibility of prejudice to Plaintiff—weighs in favor of granting default judgment. Defendants have failed to appear in this action, despite having been served in May 2022. (Doc. 9). If Plaintiff's Motion is denied, then Plaintiff will likely be without other recourse for recovery. *Zekelman*, 2020 WL 1495210, at *3 (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

The fifth and sixth factors—the possibility of a dispute concerning material facts and whether default was due to excusable neglect—also weigh in favor of granting default judgment. Given the sufficiency of the Complaint (discussed below) and Defendants' default, the Court finds that no genuine dispute of material facts would preclude granting the Motion. And because Defendants were properly served and have

never appeared in this case, the Court finds it unlikely that Defendants' failure to appear and the resulting default was the result of excusable neglect. *See id.* at *4 ("Due to Defendants' failure to participate, there is no dispute over material facts (except as to damages) and no indication that default is due to excusable neglect.").

The seventh factor—the policy favoring a decision on the merits—generally weighs in favor of denying default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of FRCP 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, Defendants' unexplained absence at this juncture of the case makes a decision on the merits impossible. Thus, the Court is not precluded from entering default judgment against Defendants. *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 1000–01 (9th Cir. 2007); *Zekelman*, 2020 WL 1495210, at *4 (citation omitted) ("[T]he default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court.").

ii. Second and Third *Eitel* Factors

The second and third factors—the merits of the claims and the sufficiency of the Complaint—weigh in favor of granting default judgment. "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted). When the complaint sufficiently states a claim for relief, these factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted).

Taking Plaintiff's factual allegations as true, this Court finds that the Complaint sufficiently states a claim for relief against Defendants for a violation of the FLSA. Section 206 of the FLSA requires employers to pay a minimum wage to employees "who

in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C.A. § 206(a). "To establish a minimum-wage . . . violation of the FLSA, Plaintiff must establish three elements: (1) [he] was an employee of Defendants; (2) [he] was covered under the FLSA; and (3) Defendants failed to pay [his] minimum wage." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) (citing (29 U.S.C. §§ 206(a), 207(a))). As to the first element, Plaintiff pleads in the Complaint that he was an employee of Defendants as defined by the FLSA. (Doc. 1 at 6). Plaintiff also meets the second element because he alleges the FLSA applies to the Defendants and that he was a non-exempt employee. (*Id.* at 3–5). Finally, as to the third element, Plaintiff alleges Defendants failed to pay him any wages for his hours worked, let alone the federally mandated minimum wage. (*Id.* at 5–6). Plaintiff submitted well-pled factual allegations—that Defendants failed to pay Plaintiff for work performed from March 22, 2022 to April 8, 2022—that, taken as true upon default, show Defendants violated the FLSA. (*Id.* at 5–6).

This Court finds Plaintiff's well-pled factual allegations, taken as true upon default, also show Defendants violated the AMWA. To state a claim under the AMWA, the defendant must be an employer under the statute, the plaintiff must be a qualified employee of the defendant, and "the plaintiff must allege that [he] was not paid the applicable minimum wage for hours worked." *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2021 WL 5634798, at *2 (D. Ariz. Dec. 1, 2021) (citing A.R.S. § 23-363). Under this statute, an employer includes any corporation, limited liability company, or individuals "acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). In order to qualify as an employer, the corporation or limited liability company must generate no less than $500,000 in gross annual revenue. A.R.S. § 23-362(C). This statute holds that an employee "means any person who is or was employed by an employer but does not include any person who is employed by a parent or a sibling, or who is employed performing babysitting services in the employer's

home on a casual basis." A.R.S. § 23-362(A). According to Plaintiff's factual allegations, Defendants qualify as employers because they are limited liability companies or individuals acting in the interest of an employer and their enterprise had annual gross sales of at least $500,000.[1] (Doc. 1 at 4–5). Plaintiff was an employee for purposes of the AMWA because he was employed by Defendants. (*Id.* at 3). As stated above, Plaintiff alleges he was not paid any wages, let alone the mandated minimum wage, for the work he performed for Defendants. (*Id.* at 5–6). Plaintiff's well-pled factual allegations—which claim Defendants failed to pay Plaintiff the state-mandated minimum wage for his work—taken as true, show Defendants violated the AMWA.

This Court further finds that Plaintiff adequately pled facts to establish an AWA claim against Defendant Legacy Inn, the only Defendant against whom that claim is asserted. The AWA defines employers as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350. To establish a violation of the AWA, a plaintiff "must prove that [d]efendants did not timely pay all wages due as required under the AWA." *Grabda v. IMS Acquisition LLC*, No. CV-20-00117-TUC-MSA, 2020 WL 5544366, at *2 (D. Ariz. Sept. 16, 2020) (citing A.R.S. § 23–351(A), (C)). Plaintiff alleges that Defendants paid him no wages whatsoever for his work. (Doc. 1 at 5). Thus, Plaintiff's well-pled factual allegations show Defendant Legacy Inn violated the AWA.

In sum, this Court finds that Plaintiff's Complaint alleges sufficient facts that, taken as true, show that all Defendants violated the FLSA and AMWA, and that

---

[1] To be sure, Plaintiff's Complaint states that he "has a good faith reasonable belief" that Legacy Inn is "an enterprise engaged in commerce that had annual gross sales of at least $500,000." Still, this is sufficient to meet the pleading standard such that the Complaint states a claim for relief because facts may be pled "upon information and belief where the facts are peculiarly within the possession and control of the defendant." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). Thus, a company's financial information, such as its annual gross sales, may be properly pled on information and belief. *See Covelli v. Avamere Home Health Care LLC*, No. 3:19-cv-486-JR, 2021 WL 1147144, at *6 (D. Or. Mar. 25, 2021). Plaintiff should not be precluded from recovery due to his inability to ascertain Defendants' sales figures based on their failure to appear.

7

Defendant Legacy Inn violated the AWA. Therefore, the second and third *Eitel* factors support an entry of default judgment.

### iii. Fourth *Eitel* Factor

Under the fourth factor, this Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Zekelman*, 2020 WL 1495210, at *4 (internal quotations omitted) (citation omitted).

Here, Plaintiff seeks $3,000 in relief, exclusive of attorneys' fees. (Doc. 12 at 7). The Court does not find this amount to be so "substantial or unreasonable" as to make default judgment inappropriate. Plaintiff was employed by Defendants for $14 per hour. (Doc. 1 at 7). Plaintiff asserts that Defendants failed to pay him for about 72 hours of work. (*Id.* at 8). Thus, Plaintiff's requested amount accurately represents the amount of wages—trebled, as prescribed by the AWA—that Defendant allegedly failed to pay Plaintiff, and this Court has no reason to believe that it is excessive. A.R.S. § 23-355(a). Moreover, Plaintiff supports the requested amount with evidence—that is, with his own sworn declaration. (*See* Doc. 12-1). All told, given the supporting documentation and the overall reasonableness of Plaintiff's requested relief, the Court finds that the fourth factor, too, weighs in favor of default judgment.

### c. Relief Sought

Unlike the Complaint's other factual allegations, those pertaining to damages are not taken as true upon default. *Geddes*, 559 F.2d at 560. Thus, a plaintiff "is required to prove all damages sought in the complaint." *Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) (internal quotations omitted) (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). A plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3

(D. Ariz. Jan. 22, 2018) (citing *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011)). Courts may rely on declarations submitted by the plaintiff in determining appropriate damages. *Tolano*, 2019 WL 6464748, at *6 (citing *Philip Morris USA, Inc.*, 219 F.R.D. at 498).

Here, Plaintiff submitted a sworn declaration asserting that Defendants failed to compensate him altogether for approximately 72 hours of work, let alone compensate him at the agreed-upon rate of $14.00 per hour. (Doc 12-1). Based on these figures, Plaintiff asserts he is owed $1,000 total in unpaid minimum wages and other wages under the FLSA and Arizona laws. (*Id.*). Additionally, Plaintiff notes that he is entitled to double damages under the FLSA and treble damages under the AMWA and AWA. (Doc. 12 at 5). Indeed, the FLSA provides for double damages when an employer violates 29 U.S.C.A. § 206. *See* 29 U.S.C.A. § 216(b). Likewise, the AMWA and AWA provide for treble damages when an employer fails to pay an employee the required minimum wage or other wages due. A.R.S. §§ 23-364(G), 23-355(a). Using the highest treble-damages penalty, Plaintiff seeks statutory damages of $3,000. (*Id.* at 6). Plaintiff's requested relief accurately calculates the damages to which he is statutorily entitled and is supported by Plaintiff's declaration. Therefore, this Court finds it appropriate to award Plaintiff $3,000 in liquidated damages.

Additionally, Plaintiff intends to file a motion to recover his attorneys' fees and costs incurred in this action upon entry of a default judgment. (*Id.* at 6). The FLSA provides that a court shall allow reasonable attorneys' fees and costs to be paid by the defendant in unpaid minimum wages judgments awarded to a plaintiff. 29 U.S.C.A. § 216(b). This award is mandatory, but the amount of reasonable attorneys' fees to be granted is within the court's discretion. *Alzate v. Creative Man Painting LLC*, No. CV-13-02129-PHX-BSB, 2015 WL 789727, at *3 (D. Ariz. Feb. 25, 2015). The Court directs Plaintiff to file a motion for attorneys' fees and costs in accordance with FRCP 54(d), LRCiv 54.1, and LRCiv 54.2.

///

**IT IS THEREFORE ORDERED:**

1. That Plaintiff's Motion for Default Judgment (Doc. 12) is **granted**;
2. That default judgment is entered pursuant to FRCP 55(b)(2) in favor of Plaintiff and against Defendants;
3. That Defendants are jointly and severally liable for **$2,764.80** in liquidated damages pursuant to A.R.S. § 23-364;[2]
4. That Defendant Shri Hari Hotels LLC is additionally liable for **$235.20** in liquidated damages pursuant to A.R.S. § 23-355;
5. That Plaintiff shall have until **August 18, 2022** to file a motion for attorneys' fees in accordance with FRCP 54(d)(2) and LRCiv 54.2; and
6. That the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 4th day of August, 2022.

Honorable Steven P. Logan
United States District Judge

---

[2] The Court reaches this figure because Defendant Dhanani is liable only for unpaid minimum wages based on the FLSA and AMWA claims. Taking Arizona's 2022 minimum wage of $12.80 times Plaintiff's 72 hours of unpaid work, trebled, Defendant Dhanani's liability is $2,764.80. *See* Indus. Comm'n of Ariz., Minimum Wage, https://www.azica.gov/labor-minimum-wage-main-page ("Effective January 1, 2022, through December 31, 2022, Arizona's minimum wage will be $12.80 per hour.").